**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4425
_____

GARY ALAN ADLER,
Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(T.C. No. 07-28454, 07-28455, 07-28456, & 07-28457)
Tax Court Judge: Honorable David Gustafson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 26, 2011

Before: RENDELL, CHAGARES and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 29, 2011 )

_____

OPINION
_____

PER CURIAM

Gary Adler, proceeding *pro se*, appeals a decision of the United States Tax Court

sustaining a tax deficiency and addition to tax determined by the Internal Revenue

Service ("IRS"). For the reasons that follow, we will affirm the Tax Court's decision.

1

I.

Because we write only for the parties, who are familiar with the facts, we will not recite them except as necessary to the discussion. In the Fall of 2007, the IRS issued notices of deficiency to Adler determining that he owed federal income taxes for the years 2001 through 2004, as well as additions to tax under 26 U.S.C. §§ 6651 and 6654. Adler timely filed petitions with the Tax Court challenging the IRS's determinations. After concessions before that court, the only issues remaining were whether Adler was entitled to deductions for business losses sustained as a result of his sale of flowers and vegetables ("greenhouse activity") and his wife's sale of rubber stamps and related products to stamping hobbyists ("stamping activity"), and whether he was entitled to dependency deductions and education credits relating to his support of his daughter and her husband, and whether he was liable for the additions to tax.

The Tax Court determined that Adler did not timely file tax returns for the period in question, that he bore the burden of proof as to any claimed deduction or credit, and that he failed to meet that burden. In fact, the Tax Court found that Adler failed to produce credible evidence with respect to *any* factual issue. Adler v. Comm'r, 2010-47, 2010 WL 934267, at *7 (T.C. Memo. 2010). Accordingly, it held that he was not entitled to the deductions and credits he claimed. After the Tax Court issued its opinion Adler moved for a retrial. The Tax Court denied his motion, and Adler timely appealed.

II.

We have jurisdiction to review decisions of the Tax Court under 26 U.S.C.

2

§ 7482(a)(1). We review the Tax Court's factual findings for clear error and exercise plenary review over its conclusions of law. See PNC Bancorp, Inc. v. Comm'r, 212 F.3d 822, 827 (3d Cir. 2000). We review the Tax Court's denial of his motion for a new trial for abuse of discretion. See Estate of Kraus v. Comm'r, 875 F.2d 597, 602 (7th Cir. 1989).

### III.

Initially, Adler claimed that he should be excused from producing some of the pertinent records because they were destroyed in a basement flood in 2006. Other than his testimony to that effect and several recent photographs showing rust in his basement, Adler provided no evidence that such a flood occurred. We therefore agree with the Tax Court's determination that Adler did not meet his burden of proving that a flood damaged his records. Consequently, he could not rely upon secondary evidence in lieu of the original records he avers were destroyed. Tax Ct. R. 142(a)(1). After reviewing the evidence presented to the Tax Court,[1] we likewise discern no error in its finding that Adler failed to file to file returns for the tax-years 2001 through 2004.

The record provides ample support for the Tax Court's determination that Adler's claimed business loss deductions and dependency credits were unsubstantiated. Tax deductions and credits are a matter of legislative grace. See Interstate Transit Lines v.

---

[1] Adler attempts to supplement the record by attaching several new documents in his filing before this Court. We do not consider them. See In re Application of Adan, 437 F.3d 381, 389 n.3 (3d Cir. 2006) ("[W]e will not consider new evidence on appeal absent extraordinary circumstances.").

Comm'r, 319 U.S. 590, 593, 63 S. Ct. 1279, 87 L. Ed. 1607, 1943-1 C.B. 1016 (1943).

Thus, the burden is on the taxpayer to show that the expenses are deductible. See

INDOPCO, Inc. v. Comm'r, 503 U.S. 79, 84, 112 S. Ct. 1039, 117 L. Ed. 2d 226 (1992);

see also Capital Blue Cross & Subsidiaries v. Comm'r, 431 F.3d 117, 128 (3d Cir. 2005).

As the Tax Court noted, none of the evidence Adler submitted was sufficient to meet this

burden.

Adler claimed business loss deductions stemming from losses sustained in his

greenhouse activity and his wife's stamping activity. To substantiate his greenhouse

losses, Adler submitted into evidence detailed drawings of his greenhouses, seed,

executed contracts between his farm and licensors to grow and sell particular brands of

flowers, seeding schedules for 1995 and 1996, undated seedling and transplanting

schedules, an undated yellow page ad for his farm, commercial automobile insurance

bills, and one page of an unsigned receipt, dated August 20, 1998, that lists various boiler

parts and their prices. Adler, 2010 WL 934267, at *7. Adler stipulated that his wife kept

no regular records of her stamping activity. In fact, the only documentary support he

provided for the claimed stamping losses were two registration confirmation printouts for

a stamping tradeshow and a handful of hotel bills which Mrs. Adler testified were

incurred to attend various stamping events. Id. at *10. Even assuming Adler could claim

*any* business loss deductions for the greenhouse and stamping activities, the evidence he

submitted offered no substantiation of the *amounts* of any losses. Accordingly, Adler did

not demonstrate entitlement to the deductions he claimed.

4

Adler's claimed dependency credits were likewise unsubstantiated. Pursuant to 26 U.S.C. §§ 152(c)(1)(A); (d)(1)(C), a family-member must receive over half of his or her total support from another in order to be claimed as a dependent of that person. The Tax Court found it plausible that Adler supported his daughter through college and conceivable that that he had done so for her husband. However, he apparently kept no records of how much was spent to support them during the relevant tax-years, nor did he provide credible evidence as to the total support amounts. This being the case, Adler could not demonstrate that he had provided the requisite proportion of support to claim a dependency credit for either his daughter or her husband.

Adler argues that he should not have born the burden of proving his entitlement to these deductions and credits; rather, he argues that the burden should have been shifted to the IRS to prove that he was not. Under 26 U.S.C. § 7491(a)(1), if a taxpayer presents credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer, the burden of proof does shift to the IRS. In this case, however, a § 7491 burden shift was unwarranted because Adler presented no such evidence. Adler alternatively argues that the burden should have shifted to the IRS because the agency lacked authority to prepare the substitute returns used to determine his deficiency and that the documents he supplied should therefore have been presumed to be correct. As the IRS is directed to prepare such returns by 26 U.S.C. § 6020(b), this argument is meritless.

Adler also contends that the IRS should have born the burden of proof under Rule 142(a)(1) of the Rules of Practice and Procedure of the United States Tax Court ("Tax

5

Court Rules"). He claimed that the deficiency amounts stated in the statutory notice of deficiency were greater than the amounts the IRS communicated to him on a later date—he argued the initial, greater amount constitutes an "increase in deficiency" for the purposes of the burden of proof. As the Tax Court noted, Adler did not submit into evidence any of the IRS communications he referenced. Even if he had, he alleged that each of the later values was *less* than that in the initial notice of deficiency and could not be considered *increases* in deficiency to justify shifting the burden of proof to the IRS.

Accordingly, the Tax Court correctly determined that Adler bore the burden of proof as to each of the deductions and credits he wished to claim. Because he failed to produce any relevant credible evidence at trial, the Tax Court correctly rejected the deductions and credits he claimed. The Court correctly sustained the tax deficiency and additions to tax determined by the IRS. [2]

Adler finally argues that the Tax Court erred by denying his motion for a new trial because his attorney was ineffective and because the IRS failed to disclose the identities of all individuals likely to have discoverable information pursuant to Fed. R. Civ. P. 26(a). As to Adler's ineffectiveness argument, there is no right to of effective assistance

---

[2] Adler argues that the Tax Court erred in failing to reduce the amount of deficiency for tax-year 2004 to reflect a payment he has already made. As the Tax Court noted in its decision of August 16, 2010, a deficiency is computed without reference to payments made against the tax liability. 26 U.S.C. § 6211 (defining "deficiency" for tax purposes). Adler's prior payment will be taken into account in determining the amount he has yet to pay and will be reflected in the assessment of interest. We note that the Tax Court assessed no addition to tax for tax-year 2004 under 26 U.S.C. § 6651 (providing for additions to tax for failure to pay).

of counsel in Tax Court proceedings. <u>Slavin v. Comm'r</u>, 932 F.2d 598, 601 (7th Cir. 1991) ("Shortcomings by counsel may be addressed in malpractice actions; they do not authorize the loser to litigate from scratch against the original adversary."). As to Adler's argument based on Rule 26(a), we note that the Federal Rules of Civil Procedure do not apply in Tax Court; rather, the Tax Court Rules do. <u>See</u> <u>N.Y. Football Giants, Inc. v. Comm'r</u>, 349 F.3d 102, 107 (3d Cir. 2003). The Tax Court Rules codify an expectation that the parties will make informal attempts to resolve discovery issues "before utilizing the discovery procedures provided in [the Tax Court Rules]." Tax Ct. R. 70(a)(1). Adler did not do so, and in fact waited until after his trial was complete to complain. Accordingly, the Tax Court correctly denied his motion for a retrial.

IV.

For the foregoing reasons, we will affirm the decision of the Tax Court.

7