T.C. Memo. 2013-102

UNITED STATES TAX COURT

JEFFREY SCOT STRIEFEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8383-11.                    Filed April 11, 2013.

<u>Kathryn J. Sedo</u>, for petitioner.

<u>Blaine C. Holiday</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  Respondent determined a deficiency of $42,040 and a

section 6662(a) penalty of $8,408 with respect to petitioner's Federal income tax for

tax year 2008.

**[*2]**  Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

Petitioner has conceded that he received taxable interest income that he failed to report for 2008.  The issues remaining for consideration are:  (1) whether petitioner may deduct car and truck expenses; (2) whether petitioner may deduct lodging expenses; (3) whether petitioner may deduct meal expenses; (4) whether petitioner may deduct section 179 expenses; and (5) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  Petitioner resided in Minneapolis, Minnesota, when he filed the petition.

During the year in issue petitioner worked as an independent contractor, providing field technician services for Steen Engineering, Inc. (Steen Engineering).  Petitioner reported business expenses relating to his work for Steen Engineering on his Schedule C, Profit or Loss From Business (Sole Proprietorship).

[*3] Steen Engineering is a design services firm located in the Minneapolis-Saint Paul metropolitan area. It provides mechanical and electrical engineering consulting for the construction industry. It prepares construction documents, specifications, and reports regarding mechanical, plumbing, and electrical disciplines. For example, Steen Engineering contracted with an architecture design firm to provide construction documents for a revised drive-up window and front counter for certain McDonald's restaurants located in Minnesota and Wisconsin. For each restaurant, Steen Engineering contracted to provide a site field survey of the restaurant's existing conditions, which included verification of each site's electrical and mechanical operations.

As a field technician petitioner traveled to Steen Engineering's renovation project sites, such as the McDonald's restaurants. Petitioner verified the sites' conditions as Steen Engineering required. Each site visit lasted one or two hours. After petitioner visited a project site, he prepared a report discussing what systems and equipment were in place at the site. Then he uploaded the report to Steen Engineering's server. Steen Engineering would submit these reports to the clients. For the McDonald's project, Steen Engineering submitted the reports to the architecture design firm as well as to McDonald's' corporate department.

**[*4]**    In tax year 2008 petitioner traveled to local project sites, i.e., those in the Minneapolis-Saint Paul metropolitan area, and to project sites in the greater Minnesota area and surrounding States.  Steen Engineering paid petitioner a flat fee per project site and did not reimburse petitioner for any expenses he incurred.

Petitioner traveled to the project sites in his personal vehicle.  In 2008 he drove a Dodge Caravan and a Chrysler Town & Country.  He drove the Dodge Caravan until June 27, 2008, when he traded it in for the Chrysler Town & Country.  When he received the Chrysler Town & Country, its odometer read 128,089 miles.  On September 30, 2008, petitioner took the Chrysler Town & Country for an oil change; at that time its odometer read 142,146 miles.  On March 4, 2009, he had repairs done to the Chrysler Town & Country; at that time its odometer read 159,503 miles.

Petitioner filed timely his Form 1040, U.S. Individual Income Tax Return, for tax year 2008 with the help of a tax return preparer.  His 2008 Federal income tax return was selected for audit, which was scheduled for October 2010.

In June 2010 petitioner received a traumatic medical diagnosis.  Petitioner was told that he would likely die soon and was hospitalized.  After he was released from the hospital, petitioner destroyed all of his business records, which he kept in

[*5] a file cabinet. Only a few receipts, which petitioner had placed in the glove box of his car, survived.

On April 13, 2011, respondent issued petitioner a notice of deficiency for tax year 2008, disallowing the following deductions:

| Expense | Amount |
|---|---|
| Car and truck | $92,712 |
| Travel | 16,841 |
| Meals and entertainment | 8,918 |
| Section 179 | 4,890 |

OPINION

I.    Business Expense Deductions

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and a taxpayer bears the burden of proving those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). In order to shift the burden, the taxpayer must comply with all substantiation and recordkeeping requirements and cooperate with all reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews, pursuant to section 7491(a)(2). See Blodgett v. Commissioner, 394 F.3d 1030, 1035 (8th Cir. 2005), aff'g T.C. Memo. 2003-212; Higbee v. Commissioner, 116

[*6] T.C. 438, 441 (2001).  Section 6001 specifies that taxpayers must keep such records as are sufficient to show whether they are liable for tax.  Petitioner intentionally and, as discussed below, unjustifiably destroyed his business records in contradiction to that substantiation and recordkeeping requirement.  The burden of proof remains with petitioner.  See also Sowards v. Commissioner, T.C. Memo. 2003-180, slip op. at 15 ("'Thus, if a taxpayer required to substantiate an item fails to do so in the manner required (or destroys the substantiation), this burden of proof provision is inapplicable.'" (quoting H.R. Conf. Rept. No. 105-599, at 239-240 (1998), 1998-3 C.B. 747, 993-994)).

A.     Substantiation Generally

Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred in carrying on a trade or business.  An ordinary expense is one that occurs commonly or frequently in the taxpayer's business, Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business, Welch v. Helvering, 290 U.S. at 113.  The expense must directly connect with or pertain to the taxpayer's business.  Sec. 1.162-1(a), Income Tax Regs.  A taxpayer may not deduct a personal, living, or family expense unless the Code expressly provides otherwise.  Sec. 262(a).

**[\*7]**  Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to a deduction.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  To that end, taxpayers are required to substantiate each claimed deduction by maintaining records sufficient to establish the amount of the deduction and to enable the Commissioner to determine the correct tax liability.  Sec. 6001; Higbee v. Commissioner, 116 T.C. at 440.

Certain expenses specified in section 274 are subject to strict substantiation rules.  These expenses include travel expenses and section 280F(d)(4) listed property expenses.  To meet these strict substantiation rules, a taxpayer must substantiate by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount, (2) the time and place of the travel or use, and (3) the business purpose.  Sec. 274(d) (flush language).  To substantiate by adequate records, the taxpayer must provide (1) an account book, log, or similar record and (2) documentary evidence, which together are sufficient to establish each element of an expenditure.  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Documentary evidence includes receipts, paid bills, or similar evidence.  Sec. 1.274-5(c)(2)(iii), Income Tax Regs.  To substantiate by sufficient evidence corroborating the taxpayer's

[*8] own statement, the taxpayer must establish each element by his or her own statement and by documentary evidence or other direct evidence. Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). To establish the business purpose of an expenditure, however, a taxpayer may corroborate his or her own statement with circumstantial evidence. Id.

Normally, the Court may estimate the amount of a deductible expense when a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). This principle is often referred to as the Cohan rule. See, e.g., Estate of Reinke v. Commissioner, 46 F.3d 760, 764 (8th Cir. 1995), aff'g T.C. Memo. 1993-197. Section 274(d), however, overrides the Cohan rule. Boyd v. Commissioner, 122 T.C. 305, 320 (2004); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985) (flush language) (noting that section 274 supersedes the Cohan rule). The Court is precluded from estimating any expenses subject to the strict substantiation requirements in section 274(d).

When a taxpayer's records have been destroyed or lost due to circumstances beyond his or her control, the taxpayer is generally allowed to substantiate his or her deductions through secondary evidence. Boyd v. Commissioner,122 T.C. at

[*9] 320 (citing <u>Malinowski v. Commissioner</u>, 71 T.C. 1120, 1125 (1979)); sec.

1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985).

The taxpayer may reconstruct his or her expenses through other credible evidence.

<u>Boyd v. Commissioner</u>, 122 T.C. at 321; sec. 1.274-5T(c)(5), Temporary Income

Tax Regs., <u>supra</u>. Petitioner intentionally destroyed his business records. He is

ineligible to substantiate his deductions through secondary evidence alone, and

he is ineligible to reconstruct his expenses through other credible evidence. <u>See</u>

<u>Jeffers v. Commissioner</u>, T.C. Memo. 1986-285 (noting that the taxpayer, who (1)

neglected to maintain any account book or diary of his travel-related expenses, (2)

failed to retain any canceled checks regarding his lodging expenses, and (3)

discarded the receipts he received from hotels and restaurants, was ineligible for

the exception to the strict substantiation requirements of section 274(d) for records

lost through circumstances beyond a taxpayer's control because his failure to

provide adequate substantiation of his travel-related expenditures was due to his

own neglect and inadvertence); <u>cf.</u> <u>Adler v. Commissioner</u>, T.C. Memo. 2010-47

(holding that the taxpayer, who claimed his records were destroyed in a flood but

failed to prove that the flood occurred and that his records were so destroyed, was

ineligible for the exception to the strict substantiation requirements of section

**[*10]** 274(d) for records lost through circumstances beyond the taxpayer's control), aff'd, 443 Fed. Appx. 736 (3d Cir. 2011).

### B. Car and Truck Expenses

Petitioner reported $92,712 of car and truck expenses on his 2008 income tax return. Section 274(d)(4) specifies that "listed property" is subject to the strict substantiation rules. Listed property includes passenger automobiles and other property used for transportation. Sec. 280F(d)(4)(A)(i) and (ii). Petitioner's car and truck expenses, therefore, are subject to the strict substantiation rules.

Petitioner testified at trial that he maintained a "drive log" in 2008, but he failed to introduce it into evidence, presumably because he destroyed it. Petitioner provided bank statements, which list the names and locations of the vendors from which he claims he purchased gas and other items relating to his car, for tax year 2008. The bank statements also list the date of each transaction and the total amount petitioner paid. Petitioner, however, failed to provide any receipts or other documentary evidence regarding these transactions. It is therefore impossible for us to determine what petitioner actually purchased at these establishments and to what extent these purchases had a business purpose.

Petitioner also attempts to establish the amount of mileage he drove while working for Steen Engineering. Petitioner testified that he drove approximately

**[\*11]** 90,000 miles in six months. He attempts to reconstruct his mileage log using three documents prepared by Steen Engineering: (1) Steen Engineering's 2008 project calendar for petitioner, which lists the date petitioner visited each project site as well as the project site's location and internal project number; (2) Steen Engineering's project list, which lists the project number and location for each project; and (3) a list of the project reports that petitioner uploaded to Steen Engineering, which shows the project number and the date petitioner uploaded each report (collectively, Steen Engineering documents).

While we do not doubt that petitioner drove many miles in 2008 for Steen Engineering, his testimony coupled with the Steen Engineering documents fails to meet the requirements of strict substantiation. In order to determine the precise number of miles petitioner drove, he would need to provide, at a minimum, documentation showing his route between project sites. Neither petitioner's testimony nor the Steen Engineering documents provide any information regarding his travel from one purported project site to another. Because petitioner destroyed his documents regarding his travel expenses, he is precluded from reconstructing his route under the less stringent requirements of section 1.274-5T(c)(5), Temporary Income Tax Regs., supra, and we decline to sift through the convoluted Steen Engineering documents to reconstruct it for him. See Bennett v.

[*12] <u>Commissioner</u>, T.C. Memo. 2010-114 (the taxpayer failed to meet her burden of substantiation when she provided confusing documents without adequate explanation); <u>cf.</u> <u>Hale v. Commissioner</u>, T.C. Memo. 2010-229 (the Court declined to sift through voluminous evidence to determine what was or was not adequate substantiation). Moreover, he failed to provide more than general information regarding the start and end locations for each travel leg. Petitioner's testimony is too general, and the Steen Engineering documents provide only the town or city and State of the project sites.

Finally, petitioner attempts to prove some of the mileage he incurred during tax year 2008 with two surviving receipts. The first receipt, dated June 27, 2008, is a Nebraska sales/use tax statement detailing the trade of petitioner's Dodge Caravan for the Chrysler Town & Country. At that time the Chrysler Town & Country's odometer read 128,089 miles. The second receipt, dated September 30, 2008, is for an oil change for the Chrysler Town & Country. At that time the Chrysler Town & Country's odometer read 142,146 miles. Petitioner offers these receipts to prove that he drove approximately 14,000 miles in three months during tax year 2008. Petitioner, however, used the Chrysler Town & Country as a personal and a business vehicle, and he failed to show how much of the mileage he incurred was related to his job with Steen Engineering.

**[*13]**  Accordingly, petitioner is not entitled to deduct any car and truck expenses for tax year 2008.

    C.    <u>Lodging Expenses</u>

Petitioner reported $16,841 of travel expenses on his 2008 income tax return. Section 274(d)(1) specifies that travel expenses are subject to the strict substantiation rules. In particular petitioner wishes to deduct lodging expenses he purportedly incurred on site visits for Steen Engineering.

Respondent has conceded $571 of lodging expenses, equal to the lodging expenses petitioner incurred in Lincoln, Nebraska, on June 18, 2008; Blair, Nebraska, on June 26, 2008; and Washington, Iowa, on August 29, 2008. Petitioner must substantiate the remaining lodging expenses by sufficient evidence corroborating his own statement.

Petitioner testified that he visited over 400 sites in eight different States in 2008. He did not estimate how many of those sites were outside of the Minneapolis-Saint Paul metropolitan area, but he testified that he took only one personal vacation during tax year 2008.

Petitioner's bank statements show that he incurred expenses via several generic travel Web sites, such as Hotels.com, Orbitz.com, and Expedia Travel, in 2008. For these expenses petitioner's bank statements show the date and the

[*14] amount of each expense.  Petitioner claims that he should be allowed to report these expenses as lodging expenses.  Petitioner failed to provide any receipts regarding these expenses.  Because generic travel Web sites allow users to reserve rental cars and purchase airline tickets as well as reserve rooms at hotels and motels, we cannot determine whether these expenses were, in fact, lodging expenses.  Even if we could determine with more certainty that these expenses were lodging expenses, the bank statements do not reveal the city or State in which the lodging took place.  Without the location of the lodging, we cannot use the Steen Engineering documents to verify the business purpose of these expenses.

Petitioner's bank statements, however, also reveal that he incurred eight one-time expenses at specific hotels or motels.  For each of these expenses the bank statements show the date, the amount, and the location of the hotel or motel.  Petitioner failed to provide any receipts regarding these eight expenses; however, for four of the eight expenses, Steen Engineering's 2008 calendar--which we found highly credible--places petitioner at a site visit in the same location and around the same date as the expenses.  Therefore, we will allow petitioner to deduct an additional $351 of lodging expenses, equal to the lodging expenses petitioner incurred in Bemidji, Minnesota, on March 3, 2008; Appleton,

**[\*15]** Wisconsin, on April 22, 2008; Escanaba, Minnesota, on May 29, 2008; and O'Neill, Nebraska, on June 23, 2008.

Accordingly, petitioner is entitled to deduct a total of $923 of his reported lodging expenses.

D.     Meal Expenses

Petitioner reported $8,918 of meal expenses on his 2008 income tax return. Section 274(d)(1) specifies that meal expenses incurred while the taxpayer is away from home in the pursuit of a trade or business are subject to the strict substantiation rules.

Petitioner attempts to establish the precise amount of meal expenses he incurred while traveling away from home on business for Steen Engineering. Petitioner's bank statements list the names and locations of the vendors from which he purportedly purchased meals. The bank statements also list the date of each transaction and the total amount petitioner paid. Petitioner, however, failed to provide any receipts or other documentary evidence regarding these transactions. It is therefore impossible for us to determine what petitioner actually purchased at these establishments and to what extent these purchases had a business purpose.

[*16] Petitioner, however, attempts to prove the business purpose for these meals with a list of dates he purportedly worked for Steen Engineering. Petitioner contends that he reconstructed this list by cross-referencing the Steen Engineering documents. He does not attempt to distinguish between the dates he worked locally and the dates he worked away from home. Section 162(a)(2) specifies that taxpayers may report meal expenses incurred while away from home in the pursuit of a trade or business. Petitioner is not entitled to report meal expenses for the dates he worked locally.

While we do not doubt that petitioner took meals while working away from home for Steen Engineering, his bank statements and the list of dates fail to meet the requirements of strict substantiation. We again decline to sift through the convoluted Steen Engineering documents to reconstruct for petitioner the precise amount of meal expenses he incurred while traveling away from home. See Bennett v. Commissioner, T.C. Memo. 2010-114; cf. Hale v. Commissioner, T.C. Memo. 2010-229.

Petitioner, however, is eligible to use a per diem method of substantiation for a small portion of his meal expenses incurred while traveling away from home. Section 1.274-5(j)(1), Income Tax Regs., provides that the Commissioner may prescribe rules under which a taxpayer may use a specified amount or amounts for

[*17] meals while traveling away from home in lieu of substantiating the actual cost of meals. See also Harris v. Commissioner, T.C. Memo. 2012-312. Under this authority, the Commissioner issued Rev. Proc. 2007-63, 2007-2 C.B. 809, and Rev. Proc. 2008-59, 2008-2 C.B. 857, which provide rules for tax year 2008 for a taxpayer using the per diem method to substantiate, among other things, the amounts of meal and incidental expenses paid or incurred away from home. See also Harris v. Commissioner, T.C. Memo. 2012-312.

Self-employed individuals, like petitioner, who are not reimbursed by their payors for their meal expenses may use an optional per diem method in lieu of using actual expenses to compute their deductible meal and incidental expenses paid or incurred in the course of business-related travel. Rev. Proc. 2007-63, sec. 1, 2007-2 C.B. at 809; Rev. Proc. 2008-59, sec. 1, 2008-2 C.B. at 857; see also Harris v. Commissioner, T.C. Memo. 2012-312. Under this optional method, the taxpayer may compute meal and incidental expenses on the basis of the Federal meal and incidental expense rate for the locality of travel for each calendar day he or she is away from home. Rev. Proc. 2007-63, sec. 4.03, 2007-2 C.B. at 811-812; Rev. Proc. 2008-59, sec. 4.03, 2008-2 C.B. at 860; see also Harris v. Commissioner, T.C. Memo. 2012-312. The amount will be deemed substantiated for purposes of section 1.274-5(j)(1), Income Tax Regs., as long as the taxpayer is

**[*18]** able to substantiate the elements of time, place, and business purpose of the travel for that day.  Rev. Proc. 2007-63, sec. 4.03, 2007-2 C.B. at 812; Rev. Proc. 2008-59, sec. 4.03; see also Harris v. Commissioner, T.C. Memo. 2012-312.

As discussed above, we determined that petitioner was away from home for a business purpose in Bemidji, Minnesota, on March 3, 2008; Appleton, Wisconsin, on April 22, 2008; Escanaba, Minnesota, on May 29, 2008; and O'Neill, Nebraska, on June 23, 2008.  Respondent has likewise conceded that petitioner was away from home for a business purpose in Lincoln, Nebraska, on June 18, 2008; Blair, Nebraska, on June 26, 2008; and Washington, Iowa, on August 29, 2008.

Accordingly, petitioner is entitled to deduct the per diem amount for meal and incidental expenses, computed on the basis of the Federal meal and incidental expense rate for the locality of travel, for his work in Bemidji, Minnesota, on March 3, 2008; Appleton, Wisconsin, on April 22, 2008; Escanaba, Minnesota, on May 29, 2008; Lincoln, Nebraska, on June 18, 2008; O'Neill, Nebraska, on June 23, 2008; Blair, Nebraska, on June 26, 2008; and Washington, Iowa, on August 29, 2008.

**[*19]** E.     Section 179 Expense

Petitioner reported $4,890 of section 179 expenses on his 2008 income tax return. He has failed to introduce any evidence regarding this expense. Accordingly, petitioner is not entitled to deduct any section 179 expenses for tax year 2008.

II.     Section 6662(a) Accuracy-Related Penalty

Under section 7491(c), the Commissioner bears the burden of producing evidence with respect to the liability of the taxpayer for any penalty. See also Higbee v. Commissioner, 116 T.C. at 446-447. Once the Commissioner has met this burden, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 447.

Respondent determined that petitioner is liable for an accuracy-related penalty pursuant to section 6662(a) for tax year 2008. Section 6662(a) imposes a penalty equal to 20% of any underpayment attributable to, among other things, negligence or disregard of rules and regulations. Sec. 6662(b)(1). Negligence includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, to exercise due care, or to do what a reasonable and prudent person would do under the circumstances. Sec. 6662(c); Neely v.

[*20] Commissioner, 85 T.C. 934, 947 (1985); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence also includes any failure by a taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.

Petitioner intentionally destroyed his business records and thus deprived himself of records required by the Code and our caselaw. See sec. 6001; Higbee v. Commissioner, 116 T.C. at 440. It is unclear from the record whether petitioner destroyed the records before or after he was aware that his 2008 Federal income tax return had been selected for audit. Petitioner testified that he destroyed the records because he had been told he would die soon and he did not think he would need the records anymore. Although petitioner was understandably upset at the time, his actions were not justifiable, reasonable, or prudent under the circumstances. We find that petitioner acted negligently.

Petitioner therefore is liable for the accuracy-related penalty unless he can show he had reasonable cause for and acted in good faith regarding part of the underpayment. See sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. For purposes of section 6664(c), a taxpayer may establish reasonable cause and good faith by showing reliance on professional advice. Sec. 1.6664-4(b)(1), Income Tax Regs. We have found that a taxpayer has relied reasonably on professional

[*21] advice if the taxpayer can prove the following by a preponderance of the evidence: (1) the adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002); see also Rule 142(a); Welch v. Helvering, 290 U.S. at 115. Petitioner employed a tax return preparer for his 2008 income tax return; however, he failed to provide any evidence regarding the tax return preparer. Petitioner has not shown that he had reasonable cause or acted in good faith.

Petitioner argues that he acted in good faith regarding the underpayment because he made a good-faith attempt to reconstruct his business records with multiple exhibits. Petitioner, however, was precluded from reconstructing his substantiation under the less stringent requirements of section 1.274-5T(c)(5), Temporary Income Tax Regs., supra, because he intentionally destroyed his documents. Furthermore, the exhibits he presented to corroborate his statements were convoluted and in disarray.

**[\*22]** We hold that petitioner is liable for the underpayment penalty under section 6662(a). Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.