T.C. Summary Opinion 2015-5

UNITED STATES TAX COURT

S. SCOTT LAIN AND TERESITA GARCIA-LAIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13671-13S.                              Filed February 2, 2015.

S. Scott Lain and Teresita Garcia-Lain, pro sese.

<u>Derek P. Richman</u>, for respondent.

SUMMARY OPINION

JACOBS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue

Code (Code) in effect for 2010. All Rule references are to the Tax Court Rules of Practice and Procedure, and all dollar amounts are rounded to the nearest dollar.

Respondent (IRS) determined a $15,676 deficiency in petitioners' 2010 Federal income tax and a section 6662 accuracy-related penalty of $3,135. The issues for decision are: (1) whether petitioners are entitled to claimed deductions on Schedule A, Itemized Deductions, for medical and dental expenses, charitable contributions, unreimbursed employee expenses, and tax preparation fees in excess of those the IRS allowed, and (2) whether petitioners are liable for a section 6662 accuracy-related penalty.

## Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing their petition, petitioners resided in Florida.[1]

---

[1]When the case was called for trial, petitioner wife, Teresita Garcia-Lain, did not appear, nor was there any appearance on her behalf. Petitioner husband, S. Scott Lain, did appear. At trial respondent's counsel made an oral motion to dismiss Ms. Garcia-Lain for lack of prosecution. Respondent's motion was granted by order dated October 28, 2014. A decision will be entered against Ms. Garcia-Lain for a deficiency and penalty in the same amounts as those determined against Mr. Lain.

I. <u>Introduction</u>

S. Scott Lain graduated from Indiana University in 1976 with a degree in telecommunications. After graduating from Indiana University, he moved to Miami, Florida, where he worked as an assistant manager and later as manager of several large retail department stores. Mr. Lain changed professions, eventually becoming a stockbroker. During the beginning of 2010, the year at issue, Mr. Lain worked as a stockbroker for Chase Investment Bank (Chase); during the latter part of 2010 he worked as an insurance salesman for New England Life Insurance Co., a MetLife company (MetLife). Mr. Lain's work at both Chase and MetLife required him to drive his vehicle from his offices to the offices and homes of prospective and current clients to discuss investments, retirement income plans, and other services Chase and MetLife offered.

Mr. Lain and Ms. Garcia-Lain have one child, JL.[2] When JL was three years old, he was diagnosed with autism spectrum disorder; JL is considered an autistic savant. An autistic savant is a person with autism who exhibits extraordinary ability in a highly specialized area, such as arithmetic or memorization.

---

[2]The Court refers to minors by their initials. <u>See</u> Rule 27(a)(3).

## II. Petitioners' 2010 Federal Income Tax Return

Petitioners filed a joint 2010 Federal income tax return. The IRS disallowed various deductions that petitioners claimed on their Schedule A, namely: (1) $46,596 for medical and dental expenses; (2) $8,880 for charitable contributions; and (3) $17,091 for unreimbursed employee expenses and tax preparation fees. The relevant facts relating to the these deductions follow.

### A. Petitioners' Medical Expenses

On Schedule A of their 2010 income tax return petitioners reported medical and dental expenses of $57,340, which was reduced to a claimed deduction of $46,596 to give effect to the 7.5% of adjusted gross income reduction pursuant to section 213(a). Petitioners contend that most of the medical and dental expenses were incurred for treating JL's autism spectrum disorder. At trial Mr. Lain submitted canceled checks and invoices totaling $11,983 pertaining to JL's school, therapy sessions, and medical doctors.

### B. Charitable Contributions

On Schedule A of their 2010 income tax return petitioners claimed a deduction of $8,880 for charitable contributions, $5,730 by cash or check and $3,150 by gifts other than cash or check. With respect to the $3,150 of charitable contributions by gifts other than cash or check, petitioners reported on Form 8283,

Noncash Charitable Contributions, that they had donated clothing with a "thrift shop value" of $3,150 to Goodwill Industries of South Florida. At trial Mr. Lain submitted a canceled check for $95 made payable to St. Timothy Catholic Church. Moreover, Mr. Lain testified that petitioners weekly donated $20 in cash to St. Timothy Catholic Church.

C. Miscellaneous Itemized Deductions

On Schedule A of their 2010 income tax return, petitioners claimed a deduction of $17,091 for miscellaneous itemized deductions, which consisted of $19,906 of unreimbursed employee expenses and $50 of tax preparation fees, reduced by the section 67 2% floor. Petitioners' reported unreimbursed employee expenses, summarized on Form 2106-EZ, Unreimbursed Employee Expenses, consisted of the following:

| Expenses | Amount |
| --- | --- |
| Vehicle expenses (standard mileage rate of 50 cents) | $11,350 |
| Parking, fees, tolls, and transportation | 960 |
| Travel expenses incurred while away from home | 1,408 |
| Other business expenses | 5,764 |
| Meals and entertainment expenses (after sec. 274(n) limitation) | 424 |
| Total expenses | 19,906 |

To determine their vehicle expenses petitioners used an optional standard mileage rate permitted under Rev. Proc. 2009-54, 2009-51 I.R.B. 930, of 50 cents

per mile. Mr. Lain submitted a travel log which shows the dates, origins, destinations, and business purposes of the various round trips he drove using his vehicle from his Chase or MetLife offices to visit prospective or current clients. This log shows that he drove 9,282 miles for business purposes in 2010.

From June through December 2010 Mr. Lain was required to pay MetLife $80 for parking fees. He submitted monthly "Producer Expense Statements" to MetLife showing that he incurred and paid these fees. Mr. Lain also paid MetLife fees for use of its copy machine, for professional liability insurance, and for marketing materials. He submitted an "Agent Earnings and Deductions Statement" which showed he paid MetLife $2,862 for these fees in 2010.

In 2010 MetLife offered a certification class called "MetLife Center for Special Needs Planning" to certain of its employees. Mr. Lain attended the class to maintain and improve his current job skills, and he traveled to California, where the class was offered, to attend. With respect to the trip to California, he submitted an American Airlines invoice for $471 and a Hyatt Regency Hotel invoice for $637.

Mr. Lain was not entitled to reimbursement from MetLife for the vehicle and parking expenses paid; the copy machine, professional liability insurance, or marketing materials expenses; or the trip to California for the certification class.

Petitioners self-prepared their 2010 return using tax preparation software that they purchased for $50.

## Discussion

I. General Principles Governing Substantiation

It is well established that deductions are a matter of legislative grace, and taxpayers bear the burden of proving they are entitled to all deductions claimed.[3] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Moreover, taxpayers must substantiate the amount and purpose of the item deducted.  Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).  Taxpayers are required to maintain records that are sufficient to enable the Commissioner to determine their correct tax liability.  See sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.  Under certain circumstances, if a taxpayer establishes entitlement to a deduction but not the amount, the Court may estimate the amount allowable.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  We generally will not estimate a deductible expense unless the taxpayer presents sufficient evidence

---

[3]Petitioners have not argued nor shown that the burden of proof should shift to respondent under sec. 7491.

to provide some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount to unguided largesse. See Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Section 274(d) requires more stringent substantiation requirements to be met before a taxpayer may deduct certain categories of expenses, including passenger vehicle and travel expenses. See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). To satisfy the requirements of section 274(d), in general, a taxpayer must maintain adequate records or produce evidence corroborating his or her own statement, establishing the amount, date, and business purpose for a travel expenditure or use of the vehicle. Sec. 1.274-5T(b)(6), (c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985). Section 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985), provides in relevant part that "adequate records" generally consist of an account book, a diary, a log, a statement of expense, trip sheets, or a similar record made at or near the time of the expenditure or use, along with supporting documentary evidence. The strict substantiation requirements of section 274(d) for vehicle expenses must be met even where the optional standard mileage rate is used. Sec. 1.274-5(j)(2), Income Tax Regs.

II. Loss of Records

Petitioners contend that they are unable to substantiate many of the expenses underlying their claimed deductions because their tax records were destroyed by water from a nearby pipe that had burst. When a taxpayer's records have been destroyed or lost due to circumstances beyond the taxpayer's control, the taxpayer may substantiate his or her claimed expenses, including section 274(d) expenses, through reasonable reconstruction. See Malinowski v. Commissioner, 71 T.C. 1120, 1125 (1979); see also Boyd v. Commissioner, 122 T.C. 305, 320 (2004); sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985). A taxpayer is required to reconstruct the records if possible. See, e.g., Chong v. Commissioner, T.C. Memo. 2007-12. If a taxpayer establishes that the records were lost or destroyed because of circumstances beyond the taxpayer's control, he or she must nevertheless substantiate the claimed expenditures through secondary evidence. See Boyd v. Commissioner, 122 T.C. at 320. The burden is on the taxpayer to show that the documentation was actually lost or destroyed because of circumstances beyond his or her control. See Adler v. Commissioner, T.C. Memo. 2010-47, aff'd, 443 Fed. Appx. 736 (3d Cir. 2011).

On the basis of Mr. Lain's testimony, which we found credible, we are satisfied that petitioners' 2010 tax records were destroyed because of circumstances beyond their control. Nonetheless, Mr. Lain's testimony and minimal supporting records taken together fail to provide a basis for our estimating many of the deductions claimed.

III. Medical and Dental Expenses

Petitioners contend that they are entitled to a Schedule A medical and dental expense deduction of $46,596. Generally, section 213(a) allows a deduction for expenses paid during the taxable year for medical care that are not compensated for by insurance or otherwise to the extent such expenses exceed 7.5% of the taxpayer's adjusted gross income. Courts have recognized that the cost of educational services rendered to those with mental disabilities can qualify as a medical expense if the expenses were incurred for the mitigation, alleviation, or treatment of the mental disability. See Fay v. Commissioner, 76 T.C. 408, 412 (1981). At trial Mr. Lain submitted canceled checks and invoices pertaining to educational and medical expenses petitioners had to pay with respect to JL's autism spectrum disorder. Contrary to respondent's contention, we find that the educational expenses were paid for the mitigation and alleviation of JL's autisim

spectrum disorder. Accordingly, we hold that petitioners are entitled to deduct $11,983 before the 7.5% of adjusted gross income reduction under section 213(a).

## IV. Charitable Contributions

Petitioners contend that they are entitled to a Schedule A charitable contribution deduction of $8,880. In general, section 170(a) allows a deduction for any charitable contribution by the taxpayer made within the taxable year. Charitable contribution deductions are subject to the recordkeeping requirements of section 1.170A-13(a), Income Tax Regs., for contributions of money, and section 1.170A-13(b), Income Tax Regs, for contributions of property other than money. Where the contribution is $250 or more, section 170(f)(8) requires the taxpayer to substantiate the claimed contribution with a written contemporaneous acknowledgment from the donee organization.[4] If a taxpayer makes a charitable contribution of property other than money in excess of $500, the taxpayer must maintain written records showing the manner of acquisition of the property and the approximate date of acquisition. See sec. 1.170A-13(b)(3), Income Tax Regs.

---

[4]Separate contributions of less than $250 are not subject to the requirements of sec. 170(f)(8), even if the sum of the contributions made by a taxpayer to a donee organization during a taxable year totals $250 or more. See sec. 1.170A-13(f)(1), Income Tax Regs.

At trial Mr. Lain submitted a canceled check for $95 payable to St. Timothy Catholic Church. In addition, he credibly testified that he placed $20 in cash "into the plate" when attending weekly church services. Mr. Lain also credibly testified that petitioners made some donations of property to qualified charitable organizations. On the basis of petitioners' documentary evidence and Mr. Lain's credible testimony, we find that petitioners contributed at least $1,095 in money (check and cash) to St. Timothy Catholic Church and at least $200 in property other than money to qualified charitable organizations. Consequently, we hold that petitioners are entitled to deduct $1,295 for charitable contributions for 2010.

## V. Miscellaneous Itemized Deductions

Petitioners contend that they are entitled to Schedule A miscellaneous itemized deductions of $17,091 after giving effect to the section 67 2% floor reduction. These miscellaneous itemized deductions consist of unreimbursed employee expenses and tax preparation fees.

### A. Unreimbursed Employee Expenses

Petitioners reported $19,906 of unreimbursed employee expenses on Schedule A and Form 2106-EZ. These expenses consist of $11,350 of vehicle expenses, $960 of parking expenses, $1,408 of travel expenses, $5,764 of business

expenses, and $424 of meals and entertainment expenses after reduction for the section 274(n) limitation.

### 1. Vehicle Expenses

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. The term "trade or business" as used in section 162(a) includes the trade or business of being an employee. Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970). Expenses for transportation between a taxpayer's residence and his or her place of business or employment are generally considered personal expenses, the deduction of which is prohibited under section 262. See Fausner v. Commissioner, 413 U.S. 838 (1973); Commissioner v. Flowers, 326 U.S. 465 (1946); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs. The costs of going from one business location to another, however, are generally deductible under section 162(a). Rev. Rul. 55-109, 1955-1 C.B. 261.

A taxpayer who uses his or her own vehicle for business may deduct either the actual cost incurred while using the vehicle for business purposes or an optional standard mileage rate for business use provided the taxpayer substantiates the amount of business mileage and the time and purpose of each use. See sec. 1.274-5(j)(2), Income Tax Regs.; Rev. Proc. 2009-54, 2009-51 I.R.B. 930, 930.

As discussed <u>supra</u>, petitioners elected the optional standard mileage rate. Petitioners are therefore entitled to a deduction under the standard mileage rate provided they are able to show the actual miles, the time and place, and the business purpose of the travel. See <u>Nicely v. Commissioner</u>, T.C. Memo. 2006-172; sec. 1.274-5(j)(2), Income Tax Regs.

Petitioners submitted a contemporaneous log that shows Mr. Lain drove 9,282 miles for business purposes as a result of his travel between his Chase and MetLife offices and the offices and homes of prospective and current clients. Contrary to respondent's contention, we find the log credible despite a few errors Mr. Lain made in its construction. Because Mr. Lain's log meets the strict substantiation requirements of section 274(d), we hold that petitioners are entitled to a $4,641 deduction for vehicle expenses. See Rev. Proc. 2009-51, <u>supra</u> (noting that taxpayers are entitled to deduct 50 cents per business mile for 2010).

### 2. Parking Expenses

Mr. Lain submitted a "Producer Expense Statements" from MetLife showing he paid $560 in parking expenses as unreimbursed employee business expenses. We find, and thus hold, that petitioners are entitled to deduct $560 for parking expenses.

3. Travel Expenses

Section 162(a)(2) permits taxpayers to deduct traveling expenses, including amounts expended for lodging and meals, if such expenses are: (1) ordinary and necessary; (2) incurred while away from home; and (3) incurred in the pursuit of a trade or business. See Commissioner v. Flowers, 326 U.S. at 470. Mr. Lain traveled to California to attend a certification program for MetLife in 2010. He attended the program in order to maintain and improve his job skills at MetLife. Mr. Lain submitted an American Airlines invoice for $471 and a Hyatt Regency Hotel invoice for $637 pertaining to this travel. We find, and thus hold, that petitioners are entitled to a $1,108 deduction for travel expenses.

4. Business Expenses

Mr. Lain submitted an "Agent Earnings and Deductions Statement" from MetLife which shows he incurred $2,862 in expenses for use of a copy machine, maintenance of professional liability insurance, and purchase of marketing materials. Accordingly, we hold that petitioners are entitled to a $2,862 deduction for unreimbursed business expenses.

B. Tax Preparation Fees

Petitioners claimed a deduction of $50 for tax preparation fees. A taxpayer may deduct ordinary and necessary expenses incurred in connection with the

determination, collection, and refund of taxes. <u>See</u> sec. 212(3). Such deductible expenses include expenses incurred in connection with the preparation of tax returns. <u>See</u> sec. 1.212-1(l), Income Tax Regs. At trial Mr. Lain credibly testified that petitioners paid $50 for tax preparation software which enabled them to prepare their 2010 return. We find, and thus hold, that petitioners are entitled to a deduction of $50 for tax preparation fees.

In sum, we hold that petitioners are entitled to $9,221 in miscellaneous itemized deductions before giving effect to the section 67 2% floor reduction.

VI. <u>Section 6662(a) Accuracy-Related Penalty</u>

Respondent contends that petitioners are liable for a section 6662(a) accuracy-related penalty. Section 6662(a) and (b)(1) imposes a penalty of 20% of the portion of an underpayment of tax attributable to, among other things, the taxpayer's negligence or disregard of rules or regulations. "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, including any failure to keep adequate books and records or to substantiate items properly. <u>See</u> sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Respondent bears the burden of production with respect to the imposition of the section 6662(a) accuracy-related penalty. <u>See</u> sec. 7491(c); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001). Petitioners have been able to

substantiate only portions of the expenses they reported on Schedule A for 2010. Accordingly, respondent has met his burden of production with respect to the negligence penalty relating to the portion of the underpayment that is due to disallowance of deductions for these expenses.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Id. para. (b)(1). The taxpayer bears the burden of establishing that he or she acted in good faith and that there was reasonable cause for the underpayment. See Higbee v. Commissioner, 116 T.C. at 449. As found supra, petitioners' 2010 tax records were destroyed on account of damage from a burst water pipe. Additionally, petitioners prevailed with respect to some of the claimed deductions. Were it not for the loss of petitioners' tax records, we believe that they might have been able to substantiate many of their claimed deductions. Consequently, we decline to sustain respondent's determination to impose an accuracy-related penalty.

To reflect the foregoing,

Decision will be entered under

Rule 155.