T.C. Memo. 2015-189

UNITED STATES TAX COURT

MICHAEL R. YOUNG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17910-11.                    Filed September 22, 2015.

Michael R. Young, pro se.

<u>Diana N. Wells</u> and <u>Denise A. Diloreto</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  During the taxable years 2008 and 2009 petitioner

engaged in a business as a registered lobbyist in the Commonwealth of Kentucky,

representing clients before the State government and legislature.  Petitioner

claimed deductions on Schedules C, Profit of Loss From Business, for the business

[*2] use of his home and other expenses for his automobile and travel related to his work.

On May 3, 2011, respondent issued petitioner a notice of deficiency for taxable years 2008 and 2009 determining deficiencies of $11,064 and $17,428 and accuracy-related penalties of $2,212.80 and $3,485.60, respectively. The notice of deficiency disallowed Schedule C expense deductions for the business use of petitioner's home and for travel and automobile expenses.[1]

FINDINGS OF FACT

Petitioner was a resident of Kentucky when his petition was filed. This case was set for trial in Cincinnati, Ohio, on March 4, 2013. At petitioner's request this case was continued and was set for trial in Louisville, Kentucky. On November 18, 2013, a partial trial was held in Louisville. Both parties appeared, and petitioner informed the Court that he had not provided respondent with his records for 2008 and 2009. At petitioner's request the Court continued the case for further trial and directed him to submit to respondent on or before January 15, 2014, any documents in support of petitioner's position for 2008 and directed him to submit to respondent on or before February 28, 2014, any documents in support of

---

[1]All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

**[*3]** petitioner's position for 2009. Petitioner was advised that failure to cooperate and produce documents to respondent might result in a dismissal of the case for failing to properly prosecute.

On March 17, 2014, respondent filed a status report informing the Court that on January 17, 2014, he had received a letter from petitioner stating that the 2008 records were being delivered by first-class mail because of snow and ice that had prevented safe travel to Louisville on January 15, 2014. Enclosed with petitioner's letter were a receipt, a highlighted bank statement, and copies of checks for the period December 31, 2007, through January 31, 2008, and highlighted credit card statements for an account number ending in 2424 for the period December 13, 2007, through January 15, 2009. Although requested by respondent to explain the business purpose for the identified expenses, petitioner failed to do so. Respondent stated that on February 30, 2014, he received a letter from petitioner advising that his efforts to replace the 2008 and 2009 records allegedly lost in a flood at his residence had been unsuccessful. Some of the information in the record would suggest that petitioner was reimbursed by his clients for travel expenses at least on some occasions.

By order dated June 3, 2014, this case was set for further trial on November 17, 2014, in Louisville, Kentucky, and petitioner was directed to provide to

[*4] respondent on or before August 1, 2014, any records that he wished to produce at trial.

On November 17, 2014, further trial commenced. Petitioner provided no details regarding the business purpose of the credit card charges and checks that were introduced at trial.

Petitioner ran his business from his home, and he had no other office space. He had an office and business records in his basement.

OPINION

I. Legal Principles

Taxpayers must "keep such permanent books of account or records * * * as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information." Sec. 1.6001-1(a), Income Tax Regs. Deductions relating to expenses for travel, meals and entertainment, and certain listed property defined in section 280F(d)(4), including passenger automobiles, computers, and cellular phones, are subject to strict rules of substantiation that supersede the doctrine in Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930) (allowing the Court to estimate a deductible amount in certain circumstances). Sec. 274(d).

**[\*5]** For deductions to which section 274 applies, a taxpayer must substantiate certain elements of the deductible activity or use through either adequate records or sufficient evidence corroborating the taxpayer's own statement. Id. At a minimum, a taxpayer must substantiate: (1) the amount of the expense; (2) the time and place the expense was incurred; (3) the business purpose of the expense; and (4) the business relationship of the taxpayer to other persons benefited by the expense. Id.; Shea v. Commissioner, 112 T.C. 183, 187 (1999). If a taxpayer cannot satisfy the substantiation burden imposed by section 274(d) with respect to a deduction to which it applies, he fails to carry his burden of establishing that he is entitled to deduct that expense, regardless of any equities involved. Sec. 274(d); Nicely v. Commissioner, T.C. Memo. 2006-172; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

II.    Burden of Proof

The Commissioner's determinations are generally presumed correct, and taxpayers bear the burden of proving that the Commissioner's determinations are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111 (1933). Deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). In addition, a taxpayer must keep sufficient records to substantiate

[*6] deductions claimed.  Sec. 6001; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Petitioner has neither alleged that section 7491(a) applies nor established his compliance with its requirements.  Therefore, the burden of proof remains with petitioner.

III.    Substantiation

Respondent argues that petitioner's testimony is inconsistent and his inability to substantiate his 2008 and 2009 Schedule C expenses should prevent him from using secondary evidence to substantiate them.  Respondent also argues, arguendo, that if the relevant records were destroyed in a flood, petitioner has not produced sufficient secondary evidence to substantiate the travel expenses.  We agree with the latter argument.  See, e.g., Adler v. Commissioner, T.C. Memo. 2010-47, aff'd, 443 F. App'x 736 (3d Cir. 2011).

On November 18, 2013, we conducted a partial trial and offered petitioner approximately 90 days to provide substantiating documentation for 2009 and 60 days to submit the 2008 records to respondent since petitioner already had obtained "reproductions of credit card bills and some other documents".  Thus, we concluded by ordering petitioner to submit the 2008 documents to respondent on or before January 15, 2014, and the 2009 documents on or before February 28, 2014.  On March 17, 2014, respondent submitted a status report indicating that

**[*7]** petitioner had contacted respondent claiming that most of the 2008 receipts were on a laptop to which he had no access.

On January 17, 2014, respondent received a letter from petitioner that included a receipt, a highlighted bank statement, and copies of checks for the period December 31, 2007, through January 31, 2008, and highlighted credit card statements for the period December 13, 2007, through January 15, 2009. In the letter petitioner indicated that he could not hand deliver the records as requested because of snow and ice that prevented safe travel. This letter did not include an explanation regarding the business purpose of any of the expenses. By the November 21, 2014, trial, petitioner still had not submitted substantiation to respondent aside from the items listed above.

Petitioner maintains he lost his records in a flood, but we find this argument unconvincing in the light of the records he has produced, which while voluminous are disorganized and unhelpful. He has failed to take even basic steps to reconstruct his alleged expenses even though he has some available documentation in the record. Nevertheless, these records demonstrate he had access to information for the years in issue. Also we note that petitioner has shown little or no evidence of efforts to seek records from the original banking sources. He has been given several opportunities and ample time to develop the

[*8] information he alleges would support his travel, transportation, and entertainment expense deductions.  Most importantly, petitioner has offered no testimony to link the records in evidence with the claimed deductions in dispute.

This Court has established that "[w]e need not (and will not) undertake the task of sorting through the voluminous evidence petitioner has provided in an attempt to see what is, and what is not, adequate substantiation of the items on petitioner's returns." Akey v. Commissioner, T.C. Memo. 2014-211, at *20. Here, we have no way to tie client activities with specific travel expenses, nor has petitioner attempted to reconstruct a log or other record of his automobile expenses.  Finally, he has not provided a basis to distinguish reimbursed expenses from unreimbursed expenses.

IV.    Business Use of Home

Petitioner claimed and respondent disallowed deductions of $7,535 and $7,686 for business use of his home for 2008 and 2009, respectively.

Section 280A(a) generally provides that no deduction shall be allowed for a home office, but subsection (c)(1)(A) allows an exception for the portion of a dwelling unit exclusively used on a regularly basis as the principal place of business for a trade or business.  Petitioner exclusively used the basement of his residence as his office and business storage room on a regular basis.  His 2008 and

**[*9]** 2009 income tax returns vary slightly regarding how the office space was determined, but we hold that 800 square feet of the 2,940 square feet of livable space are the figures that should be used. Noting that petitioner's business required data and written communications, we find the basement office was his principal place of business.

Respondent also objects to the amounts of home office expenses that petitioner deducted, and we agree that petitioner has failed to substantiate the amounts deducted as "miscellaneous" expenses on the income tax returns. However, on the basis of the evidence in the record we sustain the use of the other items deducted as home expenses in computing the allowable home office expense deductions.

V.    Penalties Under Section 6662(a) and (b)(2)

Respondent determined penalties for 2008 and 2009 for underpayments of tax attributable to substantial understatements of income tax. Sec. 6662(a) and (b)(2). Petitioner has offered as a reasonable cause for the underpayments that he lost records in a flood and a computer crash. We do not find either reason credible because according to his testimony and the records in evidence the deductions claimed were not based upon an accurate analysis of the properly deductible amounts. Therefore, if the amount of the tax understatement exceeds the greater

**[*10]** of 10% of the tax required to be shown for each year or $5,000, the penalty will be sustained.  Sec. 6662(d).

In reaching our holding herein, we have considered all arguments the parties made, and to the extent we did not mention them above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered under

Rule 155.