**Philip A. SAUNDERS, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 03–1357.

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2003.

Philip A. Saunders, pro se, Dunn Loring, VA, for Petitioner–Appellant.

B. John Williams, Jr., Internal Revenue Service, Office of Chief Counsel, Jonathan S. Cohen, Karen D. Utiger, U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before SILER, BATCHELDER, and COOK, Circuit Judges.

*ORDER*

Philip A. Saunders appeals a Tax Court decision that found deficiencies and penalties due for his 1993 and 1994 tax years. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules

of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The Commissioner of Internal Revenue issued Saunders a notice of deficiency for tax years 1993 and 1994, after the Commissioner disallowed deductions associated with Saunders's former residence in Cleveland. The Commissioner concluded, inter alia, that Saunders did not establish that he converted a former residence from personal use to income-producing property. Saunders filed a timely petition for a redetermination of the deficiencies in the Tax Court, and the government filed its answer. Saunders filed an amended petition, and the government again filed an answer. The parties entered into a partial stipulation of facts, and the Tax Court conducted a trial. Subsequently, the Tax Court entered its memorandum opinion, *Saunders v. Comm'r*, 83 T.C.M. (CCH) 1795 (2002), in which it agreed that Saunders did not show that he converted his former residence from personal use to property held to produce income. After Saunders objected to initial calculations of deficiencies, the Tax Court adopted the government's recalculations of $5,152 for 1993 and $2.520 for 1995, penalties of $72.80 and $235.20, respectively, and entered its decision. Saunders filed a timely notice of appeal.

On appeal, Saunders essentially reiterates his contention that he converted his former residence to use as income producing rental property, and asserts that the Tax Court erred in suggesting in a footnote that Saunders was not entitled to the deductions in any event because they are attributable to passive activity under 26 U.S.C. § 469. The government responds that the Tax Court's finding that the Saunders did not convert the property is not clearly erroneous. Upon consideration, we affirm the Tax Court's decision because the finding that Saunders did not hold his former residence for the production of income is not clearly erroneous.

The pertinent facts were detailed by the Tax Court, and need not be reiterated at length herein. However, Saunders moved from the Cleveland area to the Cincinnati area in 1990 when he got a new job. Saunders rented an apartment, and his spouse remained in the Cleveland area residence at issue until she also got a new job in the Cincinnati area late in 1990 or early in 1991. The two initially rented a house, then bought another house in May 1992. The couple listed the Cleveland house for sale in 1991, but rented the house for twelve months at $1,850 per month from September 1991 to September 1992, income apparently not reported to the IRS. The Cleveland house then was vacant until sold in April 1994, and Saunders deducted the expenses at issue in this appeal on his 1993 and 1994 federal income tax returns, which he filed as a married taxpayer filing separate from his spouse. Saunders's wife reported the sale of the house as the sale of a principal residence on her separate 1994 federal income tax return.

Generally, this court reviews the Tax Court's conclusions of law de novo and its findings of fact for clear error. *See Zack v. Comm'r*, 291 F.3d 407, 412 (6th Cir. 2002); *MTS Int'l, Inc. v. Comm'r*, 169 F.3d 1018, 1021 (6th Cir.1999). Ordinary and necessary expenses incurred for management and maintenance of property held for the production of income are deductible pursuant to 26 U.S.C. § 212(2). *Grant v. Comm'r*, 84 T.C. 809, 825, 1985 WL 15346 (1985), *aff'd*, 800 F.2d 260 (4th Cir.1986) (table). "Whether an individual holds property for the production of income is a question of fact, and depends on the purpose or intention of the individual, as gleaned from all of the facts and circumstances of the particular case." *Id.* This

court reviews a Tax Court's findings of fact regarding taxpayers' profit motive only for clear error. *See Holmes v. Comm'r*, 184 F.3d 536, 543 (6th Cir.1999); *Bolaris v. Comm'r*, 776 F.2d 1428, 1432 (9th Cir.1985). In reaching its finding, the Tax Court should consider all of the circumstances, including: (1) the length of time the house was occupied by the taxpayer before it was listed for sale; (2) whether the taxpayer abandoned future personal use of the house; (3) the character of the property; (4) offers to rent; and (5) offers to sell. *See Bolaris*, 776 F.2d at 1433; *Grant*, 84 T.C. at 825. A determination of a deficiency is presumptively correct, and the taxpayer has the burden of proving the determination to be erroneous. *Kenco Rests., Inc. v. Comm'r*, 206 F.3d 588, 596 (6th Cir.2000); *Ekman v. Comm'r*, 184 F.3d 522, 524 (6th Cir.1999). Nonetheless, this court may reverse the Tax Court where it has a definite, firm conviction that a mistake has been made even though the Tax Court's finding is supported by some evidence in the record.

Here, the Tax Court's finding that Saunders did not hold his former residence for the production of income is not clearly erroneous. The Tax Court properly considered all of the circumstances in making its determination. The Tax Court concluded that the circumstances of this case reflect that Saunders intended to sell the Cleveland residence, but rented the house only to alleviate the financial burden after he received no offers to buy the house. Under these circumstances, the Tax Court's conclusion that Saunders did not convert the house to "property held for the production of income" is not clearly erroneous. As noted by the Tax Court, to hold otherwise would mean that real property held for sale could be deemed converted to "property held for the production of income" anytime such property is temporarily rented. The Tax Court's observation that Saunders did not report any of the income produced by the property also bears repeating. For the foregoing reasons, the Tax Court's conclusion cannot be deemed clearly erroneous. Under these circumstances, this court need not reach Saunders's claim on appeal that the Tax Court erred in suggesting in a footnote that Saunders was not entitled to the deductions in any event because they are attributable to passive activity under 26 U.S.C. § 469.

Accordingly, the Tax Court's decision is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.