T.C. Memo. 2013-198

UNITED STATES TAX COURT

KENNETH DELANO HUMPHREY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1508-12.                    Filed August 28, 2013.

Kenneth Delano Humphrey, pro se.

Karen J. Lapekas and Derek P. Richman, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, Judge:  Respondent determined an $8,597[1] deficiency in

petitioner's 2009 Federal income tax.  Respondent also determined a $1,719

_____

[1]All dollar amounts are rounded to the nearest dollar.

**[*2]** section 6662(a)[2] accuracy-related penalty for 2009.  After concessions,[3] the issues for decision are:[4]

(1)  whether petitioner is entitled to deductions for medical expenses for 2009.  We hold that he is entitled in part;

(2)  whether petitioner is entitled to a deduction for cash charitable contributions in excess of respondent's concessions for 2009.  We hold that he is not;

(3)  whether petitioner is entitled to claimed miscellaneous itemized deductions for 2009.  We hold that he is not; and

(4)  whether petitioner is liable for an accuracy-related penalty for 2009.  We hold that he is.

FINDINGS OF FACT

Petitioner resided in Florida when the petition was filed.  In 2009 petitioner was an officer employed with the U.S. Department of Homeland Security.

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]Respondent concedes $2,264 in medical expenses, $650 in charitable contributions, and $548 in miscellaneous business expenses.

[4]All other issues either have been conceded or need not be decided because they follow from our holdings or are computational.

**[*3]** Petitioner held the position of "AT Set Officer" from January through March of 2009 and the title "Customs and Border Protection Officer" from April through December 2009.

I. Deductions Claimed on Schedule A, Itemized Deductions

Petitioner deducted various medical and business expenses, among others. The 2009 deductions include:

| Item | Amount |
|------|--------|
| Medical expense | $5,910 |
| Charitable contribution | 6,365 |
| Vehicle expense | 5,309 |
| Parking, tolls, and transportation | 925 |
| Travel expense | 3,956 |
| Other business expenses | 7,307 |
| Meal and entertainment expense | 1,430 |
| Tax preparation fees | 110 |
| Other expenses | 4,850 |

Petitioner deducted medical expenses consisting of health plan payments which were reflected on his Form W-2, Wage and Tax Statement. Petitioner also claimed Medicare taxes in his medical expenses. As part of phytotherapy, petitioner claimed as medical expenses the purchase of various natural supplements (green supplements, flax seeds, and D-3) to alleviate his prostate

[*4] cancer. The regimen was based on medical guidelines by Johns Hopkins Medical Urology, Harvard Medical School, and the Mayo Clinic. Petitioner has been under the care of two doctors since 2008. Petitioner also included a gym membership and various dental procedures in his medical expense deduction.

Petitioner deducted a charitable contribution of $6,365. Respondent conceded that petitioner is entitled to deduct $650 of charitable contributions claimed on his Federal income tax return for amounts withheld from his wages. Petitioner made cash contributions to the Seventh Day Adventist Church, St. Jude, and other local charities.

Petitioner's deducted vehicle expense included maintenance expenses for his vehicle, insurance, vehicle payments, and gasoline. The claimed travel expense included petitioner's expenses incurred commuting to and from work and from different jobsites.

The deducted meal and entertainment expense included lunches with coworkers that he paid for voluntarily.

Petitioner deducted $4,850 in legal fees relating to an Equal Employment Opportunity Commission (EEOC) lawsuit against the Department of Homeland Security. His claimed legal deduction included fees for consultation with attorneys and the copying and mailing of documents.

**[\*5]** Petitioner deducted other business expenses including home cable charges, Dell computer payments, computer software, electricity, and home insurance. Petitioner used his home computer for monitoring payroll and benefits online. Petitioner's workplace had computers for limited employee use. The Department of Homeland Security did not require petitioner to perform duties at his home.

## II. Notice of Deficiency

Respondent issued a notice of deficiency disallowing the Schedule A unreimbursed business expenses and determining a section 6662(a) penalty. Petitioner timely filed a petition with this Court contesting respondent's determinations.

## OPINION

## I. Burden of Proof

The Commissioner's determinations are generally presumed correct, and taxpayers bear the burden of proving that the Commissioner's determinations are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). In addition, a taxpayer must keep sufficient records to substantiate deductions claimed. Sec. 6001; New Colonial

[*6] Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioner has neither alleged that section 7491(a) applies nor established his compliance with its requirements. Therefore, the burden of proof remains with petitioner.

II. Medical Expense

Respondent contends that petitioner improperly claimed a deduction for and failed to substantiate his medical expenses. A taxpayer may deduct expenses not compensated for by insurance or otherwise that are paid during the taxable year for the medical care of the taxpayer, his spouse, and his dependents. Sec. 213(a); Estate of Smith v. Commissioner, 79 T.C. 313, 318 (1982). The deduction is allowed only to the extent it exceeds 7.5% of adjusted gross income (AGI). Sec. 213(a); sec. 1.213-1(a)(3), Income Tax Regs. The taxpayer must substantiate medical expense deductions with "the name and address of each person to whom payment for medical expenses was made and the amount and date of the payment thereof in each case." Sec. 1.213-1(h), Income Tax Regs.

Petitioner's reported AGI for 2009 was $84,291. Accordingly, petitioner must have deductible medical expenses of more than $6,321. Petitioner reported $12,232 in medical expenses. Respondent concedes the aggregate amount of $2,264 as deductible medical expenses. Petitioner cannot deduct more than $5,911 of medical expenses.

**[*7]** A. <u>Medicare Taxes</u>

Petitioner deducted Medicare taxes as a medical expense. Medicare taxes are not a deductible medical expense. Sec. 213(a); <u>Saunders v. Commissioner</u>, T.C. Memo. 2002-143, <u>aff'd</u>, 75 Fed. Appx. 494 (6th Cir. 2003); sec. 1.213-1(e)(4)(i)(a), Income Tax Regs. Therefore, petitioner is not entitled to deduct his Medicare taxes.

B. <u>Supplements and Health Foods</u>

Petitioner seeks to deduct supplements and health foods as a medical expense. Medical care deductions are not strictly limited to traditional medical procedures but include amounts paid for affecting the structure of the body. Sec. 213(d)(1); <u>Dickie v. Commissioner</u>, T.C. Memo. 1999-138. Medical expenses for nontraditional medical care may be deductible under the broad view of medical care. See <u>Crain v. Commissioner</u>, T.C. Memo. 1986-138; <u>Tso v. Commissioner</u>, T.C. Memo. 1980-399. The term "medical care" includes amounts paid "for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body". Sec. 213(d)(1)(A); <u>Estate of Smith v. Commissioner</u>, 79 T.C. at 318-319. To claim medical care deductions, a taxpayer must furnish the name and address of each person to whom payment for medical expenses was made and the amount and date of the payment thereof in

**[\*8]** each case. Sec. 1.213-1(h), Income Tax Regs. Moreover, we have found that special foods are deductible in special cases when prescribed by a doctor. Neil v. Commissioner, T.C. Memo. 1982-562, aff'd without published opinion, 730 F.2d 768 (9th Cir. 1984).

To prevail, petitioner must show that the health foods and supplements cure, mitigate, treat, or prevent his prostate cancer or affect any structure or function of his body. To be deductible, the treatment must be for the specific purpose of alleviating the prostate cancer, rather than for the general well-being of petitioner. Sec. 1.213-1(e)(1)(ii), Income Tax Regs. It is difficult to determine the difference, but here we feel petitioner has proven that the health foods and supplements were for alleviating his prostate cancer rather than just for general health.

Petitioner provided receipts from a discount health food store to substantiate purchases of green supplements, flax seeds, and D-3. It is pertinent to determine whether the health foods and supplements were prescribed by a doctor. From the record we find that the expenses for health foods and supplements have been substantiated. Petitioner provided credible testimony that his doctors suggested the health foods and cited medical guidelines by Johns Hopkins Medical Urology, Harvard Medical School, and the Mayo Clinic. Therefore, we will allow the

[*9] deduction for the health foods and supplements to the extent the total amount of medical expenses exceeds the threshold for deductibility.

C.  Various Other Expenses

Petitioner claimed various other expenses including a gym membership and multiple dental procedures.  To deduct gym membership as a medical expense, a taxpayer must show the expenses were in excess of or different from what he would normally spend for personal purposes.  Fred W. Amend Co. v. Commissioner, 55 T.C. 320 (1970), aff'd, 454 F.2d 399 (7th Cir. 1971); Sutter v. Commissioner, 21 T.C. 170 (1953).  Petitioner failed to show the gym membership to Bally Total Fitness was in excess of or different from what he would normally spend.  Petitioner is not entitled to a medical expense deduction for his gym membership.

Petitioner provided carbon copies of checks and billing statements with no corresponding bank statements for various dental services.  Petitioner must furnish the name and address of each person to whom payment for medical expenses was made and the amount and date of the payment to substantiate the dental services.  See sec. 1.213-1(h), Income Tax Regs.  Given the lack of credibility of petitioner's records, the carbon copies of checks fail the substantiation requirements.  See

[*10] <u>Miller v. Commissioner</u>, T.C. Memo. 1996-402 (carbon copies of checks without corroborating bank statements or testimony from payees may not be enough to meet the substantiation requirements).

III.  <u>Charitable Contributions</u>

No deduction is allowed for any contribution of $250 or more unless the taxpayer substantiates the contribution with a contemporaneous written acknowledgment of the contribution by the donee organization.  Sec. 170(f)(8)(A).  The acknowledgment must contain the following information:  (1) the amount of cash and a description (but not value) of any property other than cash contributed; (2) whether the donee organization provided any goods or services in consideration, in whole or in part, for any property contributed; and (3) a description and good-faith estimate of the value of any goods or services provided to the taxpayer in exchange for the contribution.  Sec. 170(f)(8)(B).  The acknowledgment is contemporaneous if it is obtained by the taxpayer by the earlier of the date on which the taxpayer files a return for the taxable year in which the contribution was made, or the due date, including extensions, of the return.  Sec. 170(f)(8)(C).

Respondent concedes petitioner is entitled to deduct $650 in charitable contributions.  Petitioner is not entitled to deduct the remainder of the charitable

[*11] contributions because he failed to provide documentation to meet the substantiation requirements.

IV.  Section 162

Respondent contends that petitioner improperly claimed deductions for and failed to substantiate his miscellaneous business expenses. A taxpayer is entitled to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  Sec. 162(a).  Such expenses must be directly connected with or pertain to the taxpayer's trade or business.  Sec. 1.162-1(a), Income Tax Regs.  An expense is ordinary if it is normal, usual, or customary within a particular trade, business, or industry or arises from a transaction "of common or frequent occurrence in the type of business involved." Deputy v. du Pont, 308 U.S. 488, 495 (1940).  An expense is necessary if it is appropriate and helpful for the development of the business.  Commissioner v. Heininger, 320 U.S. 467, 471 (1943).  In contrast, except where specifically enumerated in the Code, no deductions are allowed for personal, living, or family expenses.  Sec. 262(a).  The determination of whether an expenditure satisfies the

**[\*12]** requirements of section 162 is a question of fact. Commissioner v.

Heininger, 320 U.S. at 475.[5]

    A. Substantiating Expenses

    Taxpayers must "keep such permanent books of account or records * * * as

are sufficient to establish the amount of gross income, deductions, credits, or other

matters required to be shown by such person in any return of such tax or

information." Sec. 1.6001-1(a), Income Tax Regs. When a taxpayer establishes

that he or she has incurred deductible expenses but is unable to substantiate the

exact amounts, we can estimate the deductible amount but only if the taxpayer

presents sufficient evidence to establish a rational basis for making the estimate.

See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v.

Commissioner, 85 T.C. 731, 742-743 (1985). In estimating the amount allowable,

we bear heavily against the taxpayer where the inexactitude of the record is of his

or her own making. See Cohan v. Commissioner, 39 F.2d at 544.

    Moreover, deductions relating to travel, meals and entertainment, and

certain listed property defined in section 280F(d)(4), including passenger

---

[5]A taxpayer is entitled to deduct unreimbursed employee expenses only to the extent the taxpayer demonstrates that he or she could not have been reimbursed by his or her employer. See, e.g., Podems v. Commissioner, 24 T.C. 21, 23 (1955); Riley v. Commissioner, T.C. Memo. 2007-153.

**[*13]** automobiles, computers, and cellular phones, are subject to strict rules of substantiation that supersede the doctrine in Cohan v. Commissioner, 39 F.2d at 544. See sec. 274(d); sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

For deductions to which section 274 applies, a taxpayer must substantiate certain elements of the deductible activity or use through either adequate records or sufficient evidence corroborating the taxpayer's own statement. Sec. 274(d). At a minimum, a taxpayer must substantiate: (1) the amount of the expense; (2) the time and place the expense was incurred; (3) the business purpose of the expense; and (4) the business relationship of the taxpayer to other persons benefited by the expense, if any. Id.; Shea v. Commissioner, 112 T.C. 183, 187 (1999). If a taxpayer cannot satisfy the substantiation burden imposed by section 274(d) with respect to a deduction to which it applies, he fails to carry his burden of establishing that he is entitled to deduct that expense, regardless of any equities involved. Sec. 274(d); Nicely v. Commissioner, T.C. Memo. 2006-172; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

**[*14]** B. <u>Meals and Entertainment, Travel, Vehicle Expenses, Gifts, Cellular Phone, and Computer Expenses</u>

Passenger automobiles and any other property used as a means of transportation are generally "listed property" as defined by section 280F(d)(4). Secs. 274(d)(4), 280F(d)(4)(A)(i) and (ii). Accordingly, with certain exceptions (none of which petitioner has shown he meets), deductions for car expenses must satisfy the strict substantiation requirements of section 274. The heightened substantiation requirements of section 274 also apply to meals and entertainment expenses as well as travel expenses. Sec. 274(d); <u>Bogue v. Commissioner</u>, T.C. Memo. 2011-164, <u>aff'd</u>, __ Fed. Appx. __, 2013 WL 2382310 (3d Cir. June 3, 2013).

1. <u>Vehicle and Travel Expense</u>

While petitioner did introduce some records and receipts to substantiate his car expense deductions, these records fail to state the business purpose of the expenses. Petitioner did not maintain a mileage log for his travel but estimated that he traveled over 18,000 miles. Moreover, the records he provided included only information regarding where the expenses were incurred and their amounts. Petitioner failed to introduce any records or receipts for parking, tolls, or any other travel expenses, and in his testimony he could not recall any specific travel

[*15] expenses he paid. Therefore, we find that petitioner has failed to prove his entitlement to any deductions for these expenses.

Petitioner claims that he was in "on duty" status the hour before work and the hour after work according to a handbook he was provided and the Portal-to-Portal Act, which qualified him to deduct travel and car expenses. At trial, respondent's witness testified that the handbook guidelines petitioner relied on are in reference to overtime policies, not to petitioner's being "on duty" during these times.

Petitioner's daily travel from work to home was not in the course of work but was incident to employment. See 29 C.F.R. sec. 785.35 (2011). He did not provide any business reason why expenses of this travel should be deducted other than that they were incurred while he was "on duty" commuting to and from work. These expenses are not deductible as a travel expense, nor are petitioner's vehicle and maintenance expenses deductible.

## 2. Meal and Entertainment Expenses

The heightened substantiation requirements of section 274 apply to meal and entertainment expenses. Petitioner failed to introduce any records or receipts substantiating his claimed expenses for meals and entertainment to meet the

[*16] requirements of section 274(d).  Accordingly, we find that petitioner has failed to prove his entitlement to any deductions for these expenses.

### 3.  Gifts

Petitioner seeks to deduct $165.14 for business gifts.  A taxpayer may not deduct under section 162 any expenses for gifts made directly or indirectly to any individual to the extent the value of the gifts exceeds $25.  Sec. 274(b).  To substantiate expenses relating to gifts, a taxpayer must provide adequate records or corroborating evidence showing the costs of the gifts, the dates the gifts were made, descriptions of the gifts, the business purposes of the gifts, and the business relationships between the taxpayer and the gift recipients.  Sec. 274(d); sec. 1.274-5T(b)(5) and (c), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985).

Petitioner introduced evidence showing the dates of the gifts but provided only vague, uncorroborated testimony regarding the business purposes of the gifts and his relationships with the recipients.  Therefore, we agree with respondent that petitioner is not entitled deduct the costs of the business gifts for 2009.

**[*17]**     4. <u>Cellular Phone Expense</u>

The heightened substantiation requirements of section 274 apply to cellular telephone expenses incurred during 2009. Sec. 280F(d)(4);[6] <u>Bogue v. Commissioner</u>, T.C. Memo. 2011-164. Petitioner did not provide evidence that such expenses were actually paid as part of a trade or business, as required by section 162(a). Moreover, he provided only one AT&T cellular phone bill for charges. Accordingly, petitioner has failed to meet the substantiation requirements of section 274(d) with respect to the cellular phone expenses and is not entitled to corresponding deductions. See <u>Trupp v. Commissioner</u>, T.C. Memo. 2012-108 (monthly cellular phone statements were not enough to meet substantiation requirements).

     5. <u>Legal Fees</u>

In general, legal fees are deductible under section 162 only if the fees paid originated in the taxpayer's trade or business and only if the claim is sufficiently connected with that trade or business. See <u>United States v. Gilmore</u>, 372 U.S. 39 (1963); <u>Kenton v. Commissioner</u>, T.C. Memo. 2006-13.

---

[6]Sec. 280F(d)(4) was amended by the Small Business Jobs Act of 2010, Pub. L. No. 111–240, sec. 2043(a), 124 Stat. at 2560, which removed cellular phones and other similar telecommunications equipment from "listed property" subject to sec. 274(d). However, that amendment is effective only for tax years beginning after December 31, 2009. <u>Id.</u> sec. 2043(b).

[*18] To deduct legal fees, petitioner must maintain adequate records to substantiate the deduction. Sec. 6001. Petitioner testified that the legal fees were paid in conjunction with an EEOC lawsuit he commenced against his former employer in relation to his application and denial for multiple employment positions. He claimed a deduction for legal fees totaling $2,275 in his pretrial memorandum but testified at trial that the legal fees reported on his Schedule A were $4,850. Petitioner submitted five carbon copies of checks which he claimed were payments for legal fees incurred during the lawsuit but failed to submit any corresponding receipts or bank statements. Therefore, we find that petitioner failed to substantiate his legal fees for consultations. See Miller v. Commissioner, T.C. Memo. 1996-402 (carbon copies of checks without corroborating bank statements did not meet substantiation requirements); Burrell v. Commissioner, T.C. Memo. 1994-574 (carbon copies of uncanceled checks and self-made receipts did not meet substantiation requirements).

Petitioner also provided receipts totaling $400 for payments to make copies and mail documents for the EEOC lawsuit. We find that these costs are substantiated. However, even with these costs and the amount conceded by

**[*19]** respondent, petitioner's miscellaneous itemized deductions total only $948,[7] below the 2% floor of $1,685.[8]

C.  Home Office

No deduction otherwise allowable shall be allowed with respect to the business use of a taxpayer's residence.  Sec. 280A(a).  However a deduction may be claimed by an employee to the extent it is allocable to a portion of a dwelling unit which is exclusively used on a regular basis for the convenience of the employer as:  (1) the principal place of business for any trade or business of the taxpayer; or (2) a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business.  Sec. 280A(c)(1)(A) and (B).

Petitioner maintains that he used a section of his home as a home office.  The evidence concerning this point is limited to petitioner's testimony stating that he would use his computer to check personnel files.  Petitioner failed to show the nature or extent of the work performed in the alleged office or that it was for the convenience of his employer.  Petitioner had access to a computer at his worksite

---

[7]Respondent conceded $484 in union dues and $64 in tax preparation fees. These amounts along with $400 in mailing and copying equals the total itemized deduction.

[8]Petitioner's AGI for 2009, $84,291, multiplied by 2% equals $1,685.

**[\*20]** where he could perform the same duties. Because of petitioner's limited record in this case, we cannot find that petitioner validly claimed a home office deduction.

### 1. Computer Expense

A computer is "listed property" and subject to the strict substantiation requirements of section 274(d). Sec. 280F(d)(4)(A)(iv). Petitioner offered receipts for payments to Dell and a renewal notice for security software along with testimony that he used his computer to check personnel files. Petitioner did not meet the strict substantiation requirements of section 274(d). Further, petitioner has not shown that he did not use the computer for personal reasons. Petitioner has failed to substantiate the deduction relating to the computer.

Petitioner's purchase of computer equipment and upgrades to the computer equipment are not an ordinary and necessary business expense. See Riley v. Commissioner, T.C. Memo. 2007-153; Wasik v. Commissioner, T.C. Memo. 2007-148.

### 2. Utilities

Personal, living, and family expenses are not deductible unless expressly allowed. Sec. 262(a). The regulations specify that personal, living, and family expenses include utilities tied to a taxpayer's home unless the taxpayer uses a part

**[\*21]** of the home for business. Sec. 1.262-1(b)(3), Income Tax Regs. If part of the home is used as a place of business, a corresponding portion of the rent and other similar expenses, such as utilities, properly attributable to such place of business, is deductible as a business expense. Id.; see Boltinghouse v. Commissioner, T.C. Memo. 2007-324 (determining the taxpayer could not deduct cable costs when he provided no evidence establishing use of the home for business purposes even though a small portion of the taxpayer's cable use was for a business purpose). Utility expenses may be deductible under section 162(a) if the expenses incurred are ordinary and necessary in carrying on a trade or business. Vanicek v. Commissioner, 85 T.C. at 742. Internet expenses have been characterized as utility expenses. See Verma v. Commissioner, T.C. Memo. 2001-132. Taxpayers must provide the Court with a basis to determine what portion of the utility expenses was allocable to their business. Adler v. Commissioner, T.C. Memo. 2010-47, aff'd, 443 Fed. Appx. 736 (3d Cir. 2011).

Petitioner claims that the cable, Internet, and utilities were for his job. Petitioner presented his monthly Comcast cable bills and testified that he used the Internet to review various personnel files. We have already found that petitioner failed to establish that he conducted business-related activities at his home. Likewise, we find that petitioner failed to establish a business purpose. Petitioner

**[\*22]** is not entitled to the deductions at issue because he has not shown that his home expenses related to business.

## V. Alternative Minimum Tax

Section 55 imposes an alternative minimum tax, in addition to the regular tax imposed for the year, equal to the excess of the tentative minimum tax over the regular tax for the taxable year.  This is a computational issue and will be determined under Rule 155.

## VI. Section 6662(a) Accuracy-Related Penalty

Respondent determined that petitioner is liable for a section 6662(a) and (b)(1) accuracy-related penalty for 2009 because his underpayment of income tax resulted from negligence or disregard of rules or regulations.

Under section 7491(c), the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  However, once the Commissioner has  met the burden of production, the burden of proof shifts to the taxpayer, including the burden of proving that the penalties are inappropriate because of reasonable cause under section 6664.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

[*23] We find that respondent has met the burden of production in the light of petitioner's inability to substantiate the deductions he claimed.

Negligence is defined as any failure to make a reasonable attempt to comply with the provisions of the Code. Sec. 6662(c). Disregard is defined as any careless, reckless, or intentional disregard. Id. Disregard of rules or regulations is careless if the taxpayer does not exercise reasonable diligence to determine the correctness of a tax return position that is contrary to rules or regulations. Sec. 1.6662-3(b)(2), Income Tax Regs.

An underpayment is not attributable to negligence or disregard to the extent the taxpayer shows that the underpayment is due to the taxpayer's having reasonable cause and acting in good faith. Sec. 6664(c)(1); Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 98 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002). Reasonable cause requires that the taxpayer exercise ordinary business care and prudence as to the disputed item. See United States v. Boyle, 469 U.S. 241 (1985); Estate of Young v. Commissioner, 110 T.C. 297, 317 (1998). Good-faith reliance on the advice of an independent, competent professional as to the tax treatment of an item may meet this requirement. See Boyle, 469 U.S. at 241; sec. 1.6664-4(b), Income Tax Regs. The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into

**[\*24]** account all of the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner's underpayment of tax resulted from negligence and disregard for rules or regulations. Moreover, petitioner has not shown that his underpayment of tax was due to reasonable cause and good faith. Petitioner claimed several deductions on his return on the basis of unreasonable estimates with little to no supporting documentation. Petitioner did not consult an independent, competent professional as to his tax treatment of those items. Furthermore, petitioner supported several of his deductions with receipts that were highly personal with little business connection. Therefore, we find petitioner is liable for a section 6662(a) accuracy-related penalty for 2009.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.